**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DEBRA MAE CARTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-558-O** |
| | § | |
| **LORI VARNELL, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER RESOLVING PENDING MOTIONS**

This case is before the Court for review of pro-se plaintiff Debra Mae Carter's ("Carter") claims against defendants Lori Varnell, Elizabeth Beach, Tarrant County Clerk, and Tarrant County, Texas. Defendants Lori Varnell and Tarrant County Clerk have each filed a motion to dismiss with incorporated briefing seeking dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Mots. to Dism., ECF No. 5 and 7. Carter has filed a response to one motion. ECF No. 9. After review and consideration of the Defendants' motions to dismiss and briefing, and the applicable law, the Court concludes that the motions to dismiss under Federal Rules of Civil Procedure 12(b)(5) must be granted on the terms set forth below, and the alternative grounds for relief will be dismissed without prejudice to re-filing.

**I.     PROCEDURAL HISTORY and PLAINTIFF'S CLAIMS**

Plaintiff Debra Mae Carter filed a civil complaint challenging both the conditions of confinement at the Tarrant County Jail and the charges pending against her. Compl. ¶¶ 11-26, 27-28. Lori Varnell is prosecuting Carter in Tarrant County Criminal District Court No. 1 and Judge Elizabeth Beach is presiding over these cases. *Id.* Carter was initially confined in the Tarrant

County Jail; however, she was released on bond. Compl., ¶¶ 12-14, ECF No. 1. Carter sues (in their individual and official capacities) Assistant Criminal District Attorney Varnell, Judge Beach, the "Tarrant County Clerk," and Tarrant County.  *Id.,* at Style, ¶¶ 7-9.

Because Carter paid the filing and administrative fees, she is obligated to effect service of summons on the defendants under Federal Rule of Civil Procedure 4. The docket shows that summons were issued to Carter for each of the defendants. ECF No. 2, pages 1-11.

## II.    MOTIONS TO DISMISS

### A.    Challenges to the Sufficiency of Service of Process under Rule 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007); Fed. R. Civ. P. 4 (service of process rule). Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citations omitted).

As noted, Defendants Varnell and Tarrant County Clerk challenge the service of process under Rule 12(b)(5). Mots. Dism., ECF Nos. 5 and 7. A motion filed pursuant to Rule 12(b)(5) seeks dismissal of the action based on the legal sufficiency of the service of process. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citation omitted). When service is challenged under Rule 12(b)(5), the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*,

-2-

No. 5:19-cv-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Similarly, a plaintiff's pro se status does not excuse the failure to properly effect service. *Wells v. Hain Celestial Grp., Inc.,* No. 15-cv-025, 2015 WL 9244892, at * 2 (W.D. La. Nov. 23, 2015), *rep. and rec. adopted*, 2015 WL 9094716 (W.D. La. Dec. 16, 2015).

### B.    Application of Law to Procedural Facts of Case

 Defendants Varnell and Tarrant County Clerk note that according to the handwritten return label on the envelope stating Carter's name and return address, Carter personally attempted to serve them by mailing a copy of the complaint. Mot. Dism. ECF Nos. 5 and 7. In Carter's response, she does not contest Defendant's inadequate service claims, other than to write she served a "waiver of summons, which she has not responded to." Resp. 2, ECF No. 9. She also acknowledges that "if she [did] not comply, simply hiring a process service is no big deal." *Id.* at 5. Federal Rule of Civil Procedure 4 specifies that service may be completed by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). Because Carter is a party to this lawsuit, she could not personally serve summons upon these defendants.

At this time, Carter cannot carry her burden of proving valid service on the Tarrant County Clerk and Lori Varnell. While defendants Tarrant County Clerk and Varnell may have received notice of this civil action via the mailing that Carter sent, actual notice is not sufficient service of process. *Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007) ("Although all of the defendants

may have received notice of the civil action, actual notice is not sufficient service of process.")
(citing *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)).  Defendants request that the
Court "quash service in this case, and if service is not timely effectuated, the Court should dismiss
this action for lack of jurisdiction." Mots. Dism., ECF Nos. 5 and 7. The Court agrees and will
grant the Rule 12(b)(5) motions on that basis.

## III.    FEDERAL RULE OF CIVIL PROCEDURE 4(m)-UNSERVED DEFENDANTS

Because Carter paid the statutory filing fee, she is responsible for properly serving each
Defendant named in her complaint. Rule 4 provides that "[t]he plaintiff is responsible for having
the summons and complaint served within the time allowed by Rule 4(m) and must furnish the
necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service,
the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a
defendant "within 90 days after the complaint is filed, the court—on motion or on its own after
notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless
the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2)
good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis
v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (citing Fed. R. Civ. P. 4(m))
("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is
filed, unless the plaintiff shows good cause for the failure."). "A pro se plaintiff is entitled to notice
before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants
under Rule 4(m)." *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27,
2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's
pro se status and ignorance of the law do not constitute cause for his failure to effect service in

compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).[1]

Carter has also named Judge Beach and Tarrant County as defendants. Her complaint was filed on June 30, 2022, and the Clerk of Court issued summonses to Carter on that same date. ECF Nos. 1, 2. But she has not filed executed returns of service showing that she has properly served defendants Judge Beach and Tarrant County. As of the date of this order, more than 90 days after the complaint was filed, Carter has failed to properly serve these defendants. The docket shows that Carter completed and filed a "Notice of Lawsuit and Request for Waiver of Service of Summons" to the defendants. ECF No. 13. Carter, however, has not shown that each defendant actually received this request. Furthermore, as the appearing parties have contested the sufficiency of service, Carter cannot rely on a request for the parties to waive service of summons.

## IV.   ORDER

It is therefore **ORDERED** that Defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(5) (ECF Nos. 5 and 7) are **GRANTED** to the extent Plaintiff's prior efforts to serve summons are quashed. It is further **ORDERED** that Defendants' alternative motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are **DISMISSED** without prejudice to reasserting if Plaintiff properly effects service of summons upon them.[2]

It is further **ORDERED** that, if Plaintiff desires to pursue her claims in this case against any defendant, she shall, by no later than **November 23, 2022**, file a proof of service as to each

---

[1]Carter has filed a "Motion Requesting Clarification," in which she asks if she must comply with the local rules. Mot., ECF No. 10. The local rules provide "Any party proceeding on the party's own behalf is considered pro se. Pro se parties must read and follow the local rules of this court and the Federal Rule of Civil Procedure." N.D. Tex. L. R. 83.14. As a result of this information, the motion for clarification (ECF No. 10) is **DENIED** as moot.

[2]Carter also filed a motion for leave to amend complaint. ECF No. 12. That motion is also **DISMISSED** without prejudice to Plaintiff's right to re-file.

such defendant as required by Rule 4.1 of the Local Civil Rules of the Northern District of Texas.

**Failure to timely file such proof of service will result in the dismissal of this action without prejudice and without further notice as to any unserved defendant**. *See* Fed. R. Civ. P. 4(m).

**SO ORDERED** on this **3rd day** of **November, 2022**.

Reed O'Connor

**UNITED STATES DISTRICT JUDGE**

-6-