**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DEBRA MAE CARTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 4:22-cv-558-O** |
| | § | |
| **LORI VARNELL,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Pro se plaintiff Debra Mae Carter ("Carter") filed a civil-rights complaint against defendants Lori Varnell ("Varnell"), Judge Elizabeth Beach ("Beach"), Tarrant County Civil Clerk, and Tarrant County, Texas ("Tarrant County"). Compl., ECF No. 1.  Defendants Varnell and Tarrant County filed motions to dismiss Carter's claims with incorporated briefing and a joint appendix. Mots.,ECF Nos. 20, 21; App., ECF No. 22. Both defendants seek dismissal under Federal Rules of Civil Procedure 12(b)(1), and 12(b)(6), and Tarrant County also moves to dismiss under Rule 12(b)(5).  Carter filed separate responses (ECF Nos. 24 and 25), and Varnell and Tarrant County each filed a reply (ECF Nos. 26 and 27). After review of Defendants' motions, briefing and the applicable law, the Court concludes that Tarrant County's motion to dismiss under Rule 12(b)(5) must be **GRANTED**, and Varnell's motion to dismiss under Rule 12(b)(6) must be **GRANTED**, such that these defendants will be **DISMISSED**. Carter's claims against the remaining defendants are also **DISMISSED**.

**I.     PROCEDURAL HISTORY and PLAINTIFF'S CLAIMS**

Carter filed a civil complaint challenging the conditions of her confinement at the Tarrant

-1-

County Jail and five state criminal charges pending against her.  Compl.  ¶¶ 11-26, 27-28.  Lori Varnell is prosecuting Carter, and Tarrant County Criminal District Court No. 1 Judge Elizabeth Beach is presiding over these cases. *Id.* Carter was confined in the Tarrant County Jail; however, she was released on bond. Compl., ¶¶ 12-14, ECF No. 1. Carter sued Assistant Criminal District Attorney Varnell, Judge Beach, the "Tarrant County Clerk," and Tarrant County, Texas in their individual and official capacities. *Id.* at Style, ¶¶ 7-9.

Carter alleges that she was wrongfully arrested, falsely imprisoned, maliciously and selectively prosecuted, and incarcerated on excessive bail. *Id.* at ¶¶ 27-38. Carter also complains about an alleged illegal search of her property. *Id.* at ¶¶ 39-70. Carter also complains that Judge Beach "fired" her attorney, denied her due process and the assistance of counsel, and obstructed justice. *Id.* at ¶¶ 71-96.  Finally, Carter alleges the bond conditions have denied her the right to work. *Id*. at ¶ 97-107.

Carter relies on these factual allegations to assert the following claims: (1) cruel and unusual punishment under the Eighth Amendment; (2) false arrest and imprisonment; (3) malicious prosecution; (4) excessive bail; (5) denial of the right to earn a living; and (6) an unlawful search and seizure. *Id.* at ¶¶ 108-122. Carter seeks monetary damages as well as declaratory and injunctive relief, including asking this Court "to appoint a Special Master to oversee the running of the Tarrant County Jail and the Tarrant County prosecutor's office." *Id.* at 23.

Because Carter paid the filing and administrative fees and is not proceeding *in forma pauperis*, she is obligated to effect service of summons on the defendants under Federal Rule of Civil Procedure 4. The docket shows that completed summons were initially issued to Carter by

the clerk of Court at the time of filing the complaint on June 30, 2022 for attempted service upon Varnell, Beach, the Tarrant County Civil Clerk, and Tarrant County. ECF No. 2. pages 1-11. Defendants Varnell and Tarrant County Civil Clerk each previously filed, and the Court granted, motions to dismiss under Federal Rule of Civil Procedure 12(b)(5).  ECF No. 16.  The Court ruled that

> [I]f Plaintiff desires to pursue her claims in this case against any defendant, she shall, by no later than **November 23, 2022**, file a proof of service as to each such defendant as required by Rule 4.1 of the Local Civil Rules of the Northern District of Texas. **Failure to timely file such proof of service will result in the dismissal of this action without prejudice and without further notice as to any unserved defendant**. *See* Fed. R. Civ. P. 4(m).

Order, 6, ECF No. 16. On November 22, 2023, Carter re-filed purported Proof of Service forms as to Beach, Tarrant County, and Varnell. ECF No. 19, pages 1-8. Thereafter, Tarrant County and Varnell each filed motions to dismiss, which are now ripe for review.

## II.    TARRANT COUNTY'S MOTION TO DISMISS

### A.    Challenges to the Sufficiency of Service of Process under Rule 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007); Fed. R. Civ. P. 4 (service of process rule). Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citations omitted).

As noted, the Court previously dismissed Carter's claims against Varnell and the Tarrant County Civil Clerk under Rule 12(b)(5). Op. and Order, ECF No. 16. Now before the Court is Tarrant County's motion to dismiss under Rule 12(b)(5). Mot., ECF No. 21.  A motion filed under

Rule 12(b)(5) seeks dismissal of the action based on the legal sufficiency of the service of process. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citation omitted). When service is challenged under Rule 12(b)(5), the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 5:19-cv-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Similarly, a plaintiff's pro se status does not excuse the failure to properly effect service. *Wells v. Hain Celestial Grp., Inc.*, No. 15-cv-025, 2015 WL 9244892, at *2 (W.D. La. Nov. 23, 2015), *rep. and rec. adopted*, 2015 WL 9094716 (W.D. La. Dec. 16, 2105).

### B.    Carter Failed to Perfect Service on Tarrant County.

Tarrant County argues that Carter failed to properly effect service and is thus subject to dismissal under Rule 12(b)(5). The re-issued summons form is addressed as follows:

Tarrant County
Tom Vandergriff Civil Court Building
1000 N. Calhoun St.
Fort Worth, Tx. 76196

Summons 6, ECF No. 19.  The Proof of Service on file provided by Carter states that a summons as to Tarrant County was mailed certified—to an unidentified location—on November 18, 2022.

Proof of Service 5, ECF No. 1. Carter's Proof of Service itself does not indicate that the summons was directed to the Tom Vandergriff Civil Court Building, but in its Motion to Dismiss, Tarrant County concedes that is where the summons was received. Mot. 13, ECF No. 21.

But mailing a summons to a county building is not proper service on the County. *See* Fed. R. Civ. P. 4(j)(2); 5 Tex. Civ. Prac. & Rem. Code Ann. § 17.024(a); *see, e.g., Armstrong v. Bexar Cnty., Tex.*, No. 17-3194, 2018 WL 2211424, at *4 (S.D. Tex. Apr. 12, 2018) (granting motion to quash defective service), *rep. and rec. adopted*, No. 4:17-cv-03194, 2018 WL 2266417 (S.D. Tex. May 11, 2018). Because Carter has failed to show proof of valid service on Tarrant County consistent with this Court's prior consideration of these issues, the Court dismisses Carter's claims against Tarrant County. *See* Fed. R. Civ. P. 12(b)(5).

## III.   FEDERAL RULE OF CIVIL PROCEDURE 4(m) - UNSERVED DEFENDANTS

Because Carter paid the statutory filing fee, she is responsible for properly serving each Defendant named in her complaint. Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* at 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service, and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* at 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (citing Fed. R. Civ. P. 4(m))

-5-

("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."). "A pro se plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's pro se status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)). Carter is well aware of these requirements as the Court previously gave her the chance to properly serve summons on unserved defendants Tarrant County Civil Clerk and Judge Beach.

## A.      Tarrant County Civil Clerk

Subsequent to the Court's November 3, 2022 Order for Carter to file Proof of Service upon each unserved defendant, Carter has wholly failed to have summons re-issued and served on the Tarrant County Civil Clerk. ECF No. 19.  Thus, this defendant must be dismissed without prejudice due to Carter's failure to timely complete service within 90 days under Federal Rule of Civil Procedure 4.

## B.      Judge Beach

As to Judge Beach, Carter filed a Proof of Service claiming that Beach was served via certified mail on November 18, 2022.  Proof of Service 1, ECF No. 19. That return shows service was attempted on Beach by the use of certified mail served by an individual named Haley Lockman.  ECF No. 19, page 1. The Court finds that such service is insufficient for the reasons explained by the analysis of another court in this district:

> Although mail service is not directly authorized by the Federal Rules of Civil Procedure, Rule 4(e)(1) authorizes service under the laws of the state in which the district court sits or where service is made. Fed. R. Civ. P. 4(e)(1). Accordingly, Plaintiff may execute service of process pursuant to Texas law. The Texas Rules of Civil Procedure authorize service, by a person authorized under Texas Rule 103, via certified or registered mail. Tex. R. Civ. P. 106(a)(2). Texas Rule 103 explicitly requires that process be served by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. The rule further states that service by certified mail must be effected by the clerk of the court, if requested, and under no circumstances can an interested party serve process in the suit. *Id*. Upon amendment of the relevant rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail. *See Willis v. Lopez*, No. 3:10–cv–154–M, 2010 WL 4877273, at *1–2 (N.D. Tex. Dec.1, 2010); *Isais v. Marmion Indus. Corp.*, No. H–09–3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010).

*Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. Jun. 18, 2013). As found in the *Willis* case, "service of process is permitted under Texas Rules of Civil Procedure 103 and 106, if done by an authorized person . . . [including] "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." *Willis*, 2010 WL 4877273 at *1.

The clerk of Court did not serve process through certified mail in this action. Instead, Carter was obligated to complete service herself. Moreover, there has been no affidavit signed or sworn, or any other evidence in the record, indicating that Haley Lockman meets the requirements of being an authorized person under Texas law. Since Carter attempted to serve process upon Beach through certified mail under Texas law, as allowed by Federal Rule 4(e)(1), she was required to comply with all of the requirements of Texas law. *See Isais*, 2010 WL 723773, at *3 ("Plaintiff

attempted to serve the defendants by certified mail. Such service is only valid if it complies with Texas law.") As set forth above, Carter did not comply with Texas law, and the service attempted upon defendant Beach must be quashed. Because Carter already had two opportunities to timely effect service, she has failed to meet the requirement in Rule 4(m) that she complete service within 90 days after the complaint is filed. As such, Carter's claims against Judge Beach are dismissed without prejudice.

## IV. VARNELL'S MOTION TO DISMISS [1]

### A. Overview

Carter has been indicted on five counts of theft and/or exploiting elderly individuals. When she filed this action, she was awaiting trial in Tarrant County, Texas. Compl. ¶¶ 27-28, ECF No. 1 Defendant Varnell is prosecuting Carter, and Tarrant County Criminal District Court No. 1 Judge Elizabeth Beach is presiding over these cases. *Id.* Carter was initially confined in the Tarrant County Jail, but she has since been released on bond. Compl. 1, ¶¶ 12- 14, ECF No. 1.

None of Carter's legal claims mention Varnell. *Id.* at ¶¶ 108-122. In the "Facts" section (arrest/false imprisonment and malicious prosecution paragraphs), however, Carter alleges that Varnell "brought charges she knows are baseless" . . . "in order to divest her of her legally acquired property." *Id.* at ¶ 27-29. Carter also alleges that Varnell "made numerous attempts to revoke my bond" and threatened her with jail time in open court. *Id.* ¶¶ 32, 90. Varnell's motion asserts several

---

[1]. The Court previously denied Carter's request for leave to amend. Op and Order 5 n. 2, ECF No. 16. Carter then submitted an amended complaint. ECF No. 18. Construing that document as a motion for leave to amend, however, it is not signed by Carter or an attorney (making it subject to Rule 11), and it lacks the proposed amendment (required under Local Rule 15.1). ECF No. 18. Thus, the initial complaint remains the operative pleading. Compl., ECF No. 1.

grounds for dismissal of Carter's claims.

**B.      Applicable Law**

1.      <u>Rule 12(b)(6) Standard</u>

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court cannot look beyond the face of the pleadings in resolving a Rule 12(b)(6) motion. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011) (explaining that "[w]e examine only the allegations within the four corners of the complaint"), *aff'd on rehearing en banc*, 675 F.3d 849 (5th Cir. 2012). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted)). Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his

"factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 555 (2007). Then, in *Ashcroft v. Iqbal*, the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: (1) a court must apply the presumption of truthfulness only to factual matters and not to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-680. If the pleadings fail to meet the requirements of *Iqbal* and *Twombly* no viable claim is stated and the pleadings are subject to dismissal.

### 2.   Review of Records Referenced by Carter

Although all well-pleaded facts are viewed in the light most favorable to the plaintiff, *see Bustos*, 599 F.3d at 461, "[w]here the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-cv-813-P, 1997 WL 786250, at * 2 (N.D. Tex. Dec. 15, 1997) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Also, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Also, documents attached to a Rule 12(b)(6) that "are referred to in the plaintiff's complaint and are central to [his] claim[s]" are properly before a court. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Varnell's appendix includes documents that are public records of which this Court may

take judicial notice and are properly before the Court at the 12(b)(6) stage. *See Crawford v. Pitts*, No. 4:20-CV-1119-O, 2022 WL 479959, at *2-3 (N.D. Tex. Feb. 16, 2022), *appeal dismissed*, No. 22-10245, 2022 WL 4079269 (5th Cir. Aug. 15, 2022). Therefore, the state indictments and docket sheet records in the Varnell appendix have been considered by the Court. App., ECF Nos. 22-2 through 22-6.

### C.   ANALYSIS

#### 1.   *Younger* Abstention

Carter seeks declaratory and injunctive relief that Varnell is violating her constitutional rights. Compl. 23, ECF No. 1. Carter also wants this Court to appoint a special master to oversee the running of the Tarrant County prosecutor's office (as well as the jail). *Id.* In a global sense, none of this relief is appropriate, given that Carter only has standing to assert claims on her own behalf, and federal courts should not micromanage local jails or prosecutor's offices. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 363 (1996) (Thomas, J., concurring) ("The Constitution charges federal judges with deciding cases and controversies, not with running state prisons"); *Marlowe v. LeBlanc*, 810 F. App'x, 302, 305 (5th Cir. Apr. 27, 2020) (staying COVID-19 control injunction, stating, inter alia, "[A] federal court lacks jurisdiction to sit as a super-state executive by ordering a state entity to comply with its own law").

But as to Carter specifically, the Court should not interfere with the ongoing state criminal cases. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994).  Federal courts generally are obliged to decide cases that fall within their jurisdiction: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning

the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (citations omitted). Under the abstention doctrine explained in *Younger*, however, courts have recognized "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72 (citation omitted).

Federal courts consistently have abstained from ruling on cases that involve ongoing state criminal prosecutions except in the most unusual cases and only after there has been a showing of great and immediate harm. *See Burgett v. State of Tex.*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *Younger*, 401 U.S. at 43-45. Concerns of comity and federalism underly the strong policy requiring federal courts to not issue injunctive and declaratory relief concerning an ongoing state court proceeding. *See Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims while her state criminal proceeding is still pending, when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citation omitted). Here, the Court will abstain because all three conditions are met.

First, Carter's complaint indicates that her state criminal proceedings are pending. Compl. 16, ECF No. 1; *see also* App.  Exh. 1 at DA 1, 3, 5, 7, 9 (pretrial settings). Second, the State of Texas has a strong interest in enforcing its criminal laws. *Wright v. Waybourn*, No. 4:20-CV-1205-O, 2021 WL 5140929, at *7 (N.D. Tex. Nov. 4, 2021) (citing *DeSpain v. Johnston*, 731 F.2d 1171,

1176 (5th Cir. 1984)). Third, Carter has an adequate opportunity to challenge the constitutionality of any portion of her ongoing state criminal prosecutions (including the validity of search warrants, amount of bail, bond conditions, and right to counsel) in those proceedings, on appeal if she is convicted, and through an application for a writ of habeas corpus in the state court system that challenges her detention or conviction. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) ("The relevant question is whether the would-be federal plaintiff has the opportunity to raise his federal claims in state court.") (citing *Moore v. Sims*, 442 U.S.415, 425 (1979)). For all of these reasons, the Court finds that abstention is appropriate.

Frequently, when a court abstains under *Younger* (which only concerns declaratory and injunctive relief), the court will stay the plaintiff's claim for damages. *See, e.g., Darnell v. Sabo*, No. 4:19-cv-00871-O-BP, 2020 WL 3442057, at *3 (N.D. Tex. June 1, 2020), *rep. and rec. adopted*, 2020 WL 3440885 (N.D. Tex. June 23, 2020). In this case, however, because Carter's claims for damages are otherwise barred by absolute immunity, this Court will not stay this action but will instead dismiss all of Carter's remaining claims. *See, e.g., Wright v. Waybourn*, No. 4:20-cv-125-O, 2021 WL 5140929, at *3-7 (N.D. Tex. Nov. 4, 2021) (dismissing claims for damages that were barred by absolute immunity).

2.    Absolute Immunity

Carter's claims for damages against Varnell are barred by absolute prosecutorial immunity. All of Carter's allegations against Varnell relate to actions taken in her role as a state prosecutor. Specifically, Carter alleges that Varnell: (1) is a State of Texas prosecuting attorney for Tarrant

County; (2) has knowingly brought baseless charges against her; (3) initiated Carter's prosecution in order to divest her of her "legally acquired property;" and (4) has made numerous attempts to revoke bond. Compl. ¶¶ 7, 27, 29, 32, ECF No. 1. Carter also alleges that: "[t]his court and judge has not only gagged me but is not allowing me a defense for a life sentence in jail as the Prosecutor Lori Varnell screamed out in a threat to my then attorney in court on February 28, 2022." *Id.* at ¶ 90.

Assistant criminal district attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 411 (1976). Federal law imports absolute immunity to prosecutors. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487–92 (1991). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Buckley*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Id.* Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *See Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). The scope of what constitutes a prosecutorial function is broad. The duties of the prosecutor in his or her role as advocate for the state include actions preliminary to the initiation of a prosecution, within the courtroom, and actions apart from the courtroom. *Imbler*, 424 U.S. at 431, n.33.

Carter's allegations about Varnell concern the prosecutor presenting a case to a grand jury

-14-

and securing an indictment, deciding whether or not to prosecute, carrying out factual investigations necessary to prepare a case, conferring with a potential witness to determine whether to initiate prosecution, applying for an increase in bail or seeking revocation of bail, seeking a determination of whether Carter's attorney was also a potential witness in Carter's cases, and taking similar actions in connection with Carter's pending criminal cases. Compl. ¶¶ 27, 28, 29, 31, 32, 67, 68, ECF No. 1. All of these allegations deal with prosecutorial functions associated with the judicial process, including preparing for the initiation of judicial proceedings and for trial. *See Boyd*, 31 F.3d at 285.

As such, even taking the facts regarding Varnell's prosecutorial actions as true, Varnell has prosecutorial immunity as to Carter's claims for monetary damages, and the Court must dismiss those claims.[2]

      3.    <u>No Personal Involvement</u>

Carter has generically pleaded under her "Legal Claims" section and has not stated any facts tying Varnell to any particular claim. Carter has failed to state a claim against Varnell. To the extent that Carter is seeking to sue Varnell under § 1983, Carter has failed to state Varnell's personal involvement in each of the claims for relief. Compl. at ¶¶ 108-122, ECF No. 1 (cruel and unusual punishment, false arrest and imprisonment, malicious prosecution, excessive bail, denial of a right to earn living, unlawful search and seizure).

A claim of liability for violation of rights under § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See Murphy v.*

---

[2]Although Varnell's motion also includes citation to the law applicable to qualified immunity, as the motion does not otherwise apply the doctrine to the facts of this case, the Court does not reach that defense.

*Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a § 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged."). Other than the allegations about Varnell's prosecutorial actions in Carter's ongoing state criminal proceedings, for which the Court has determined Varnell has absolute immunity, Carter has not otherwise alleged that Varnell was personally involved in any of the other acts or omissions complained of in her complaint. Therefore, Varnell is entitled to dismissal of any remaining individual capacity claims brought against her.

        4.    <u>Official Capacity–Eleventh Amendment Bar</u>

Carter indicates that she has sued Varnell in both her official and individual capacities. Compl. 23, ECF No.1. *See generally Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (explaining the difference between individual capacity claims and official capacity claims: "Personal-capacity suits seek to impose personal liability upon a government official for actions he [or she] takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, an official capacity claim is merely another way of pleading an action against the entity of which Varnell was an agent when prosecuting Carter, which,here, was the State of Texas. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky,* 473 U.S. at 165.

When acting in their official prosecutorial capacities, Texas criminal district attorneys are considered agents of the State of Texas, which are immune from claims for damages under the Eleventh Amendment. *See Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *see also Quinn v.*

*Roach*, 326 F. App'x 280, 292–293 (5th Cir. May 4, 2009). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

"The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies . . . [t]his immunity applies unless it is waived by consent of a state or abrogated by Congress." *See Curry v. Ellis Cty.*, Tex., No. 3:08–cv–1675–L, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984)). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State of Texas may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms., Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State of Texas has not waived its immunity by consenting to suit, nor has Congress abrogated the immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Any official capacity claim against Varnell is based on actions she took as an agent of the State of Texas in prosecuting Carter. Thus, any such claim against Varnell must be dismissed because the State of Texas is immune from suit. *See Quinn*, 326 F. App'x at 292–93.

5.    Supplemental Jurisdiction

Carter alleges that the Court has federal-question jurisdiction under 28 U.S.C. § 1331. Compl. 3, ECF No. 1. She also asserts jurisdiction over her claim of a declaratory judgment under 28 U.S.C. § 2201 and § 2202. *Id.* However, "[t]he Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., does not provide a federal court with an independent basis for exercising subject-matter

jurisdiction." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001). Thus, the Declaratory Judgment Act in and of itself does not provide jurisdiction.

Carter also asks the court to exercise supplemental jurisdiction over various state-law claims under 28 U.S.C. § 1367.  Compl. 3, ECF No. 1. Carter includes state-law claims for false arrest and imprisonment and malicious prosecution. Compl. 20, ECF No. 1. To the extent Carter is asserting these, or any other claims under state tort law, this Court declines to exercise jurisdiction over such state tort claims. *See, e.g., Diaz v. Dockery*, No. 2:13-cv-0111, 2013 WL 4766795, at *3 (N.D. Tex. Sept. 5, 2013) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988).

## V.       MOTION to take JUDICIAL NOTICE

Several weeks after the motions to dismiss became ripe, Carter filed a motion to take "judicial notice," which is essentially a sur-reply. Mot., ECF No. 28. She asks the Court to take notice of the facts in her complaint and law, seeks another chance to perfect service of process, challenges the *Younger* arguments, and seeks direction from the Court as to how to avoid dismissal. ECF No. 29. Varnell and Tarrant County filed an Objection and Response. ECF No. 29. Defendants note that Carter has not shown good faith to be given a third chance to serve process containing claims that are otherwise subject to dismissal. ECF No. 29. Carter's motion regarding judicial notice is **DENIED** for the reasons stated in the Defendants' combined Objection and Response.

## VI.      CONCLUSION and ORDER

It is therefore **ORDERED** that Defendant Tarrant County's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) (ECF No. 21) is **GRANTED**, such that all Plaintiff Carter's claims against Tarrant County, Texas are **DISMISSED** without prejudice.

It is further **ORDERED** that all Plaintiff Carter's claims against Judge Beach and the Tarrant County Civil Clerk are **DISMISSED** without prejudice for failure to timely effect service under Federal Rule of Civil Procedure 4(m).

It is further **ORDERED** that Defendant Lori Vanell's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 20) is **GRANTED** such that all of Plaintiff Carter's claims under federal law against Lori Varnell, are **DISMISSED with prejudice.**

It is further **ORDERED** that all Plaintiff Carter's state law claims are **DISMISSED** without prejudice to her right to seek relief in state court.

**SO ORDERED** on this **5th day** of **June, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**